254 A.2d 765.

STATE *vs.* K. ROLAND CLARK.

JUNE 20, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a criminal complaint which charges the defendant with trespassing on railroad property in violation of G. L. 1956, §11-36-6. A jury-waived trial was held in the superior court. The trial justice found the defendant guilty and fined him $5 and costs. The defendant thereupon prosecuted a bill of exceptions to this court.

The record shows that in the town of South Kingstown on August 14, 1964, at approximately 5:30 p.m., a police officer observed defendant walking on the right-of-way of the New York, New Haven and Hartford Railroad. The defendant was some distance south of where the tracks cross Liberty Lane—a public highway in the town. The officer stated that he saw defendant proceeding towards Providence walking on the ties between the two rails. The witness said that he never met defendant prior to this time. There was no other pertinent testimony.

The relevant portion of the statute which defendant is alleged to have violated reads as follows:

"Every person who without right * * * walks * * * on the private right-of-way of any railroad * * * except for the purpose of crossing it at a highway or other authorized crossing, shall be fined not less than five dollars ($5.00) nor more than twenty dollars ($20.00). Any person violating this section may be arrested without a warrant by any police officer or any special railroad police officer * * *."

The defendant has in his bill but two exceptions. One is to the overruling of his demurrer to the complaint wherein he challenges the constitutionality of §11-36-6, on the ground that it is an improper exercise of the state's police power. The second exception is to the trial court's finding

of guilt. There is no necessity of considering the constitutionality issue because it is our opinion that the record discloses no statutory violation.

The defendant has been charged with a misdemeanor. As we recently declared in *State* v. *Koohy,* 105 R. I. 197, 250 A.2d 711, the state in a criminal prosecution has the burden of proof as to each and every element of the offense charged. Each element, we said, must be proven beyond a reasonable doubt before a conviction can lie. Here, it was imperative that the state show that the defendant's presence on the railroad's right-of-way was "without right." There is nothing in the record indicating whether Clark was a trespasser, licensee, invitee, a railroad employee or what have you. The officer gave no testimony upon which any reasonable conclusion could be based that the defendant's presence on the track amounted to a crime as it is spelled out in the statute.

The defendant's exception to the trial justice's finding of guilty is sustained and the case is remitted to the superior court for entry of judgment for the defendant of not guilty.

*Herbert F. DeSimone,* Attorney General, *Luc R. LaBrosse,* Special Assistant Attorney General, *Donald P. Ryan,* Assistant Attorney General, of counsel, for plaintiff.

*Aram K. Berberian,* for defendant.